IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| **David L. Mason et.al.** | * | |
|     PLAINTIFFS | * | |
| | * | |
| v. | * | Civil Action No: WMN-00-562 |
| | * | |
| **Honeywell International** | * | |
| **Inc. et.al.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Now comes, Plaintiffs by their undersigned attorneys, who respectfully move pursuant to Rule 15 of the Federal Rules of Civil Procedure and the local rules of this Court to file a Third Amended Complaint and for reasons state as follows:

1. As part of filing a Second Amended Complaint, Plaintiff's counsel was advised by the State Department of Assessments and Taxation that Defendant Raytheon's correct name was Raytheon Electro Space Systems Inc and their resident agent was Corporation Trust. Plaintiff's counsel has since learned that the correct name of the Raytheon was in fact the Raytheon Companies and not Raytheon Electro Space Systems Inc. and had a different resident agent.

2. Plaintiffs are filing this Third Amended Complaint to correct the misnomer only and are not raising any other new claims.

3. Plaintiffs' counsel has written letters to counsel for Defendant Honeywell and spoken to counsel for Defendant Honeywell about the Defendant's position concerning Plaintiffs seeking leave to file a Third Amended Complaint. At this time, it is uncertain what Defendant Honeywell International Inc.'s position is with regard to the Third Amended Complaint.

*APPROVED*
*November   21ˢᵗ   00*
[signature]

4. Plaintiffs are filing this Third Amended Complaint in accordance with this Court's previous amended scheduling order which permitted additional parties to be named until September 18, 2000.

5. The filing of the Third Amended Complaint will not cause any trial date or other Motions date to be delayed.

6. The Fourth Circuit has repeatedly held that leave to amend a complaint Pursuant to Rule 15 (a) should be freely given. e.g. See <u>Johnson v Oroweat Foods Co.,</u> 785 F. 2d. 508, 509 (4th Cir. 1987), <u>Island Creek Coal Co. v Lake Shore, Inc</u>. 832 F. 2d. 274, 279 (4th Cir. 1987). See generally, <u>Foman v Davis</u> 371 U.S. 178 (1962) Leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party or the amendment would be futile. There is no such showing that Defendants can make in the instant case. Furthermore, the fact that an amendment changes the plaintiff's theory of the case will not suffice as a reason for denial. See also, <u>Ward Electronics Service Inc. v First Commerical Bank,</u> 819 F. 2d. 496, 497 (4th Cir. 1987)

7. On November 2, 2000, William Delany, Esq. advised the undersigned counsel that Defendant Honeywell International Inc. did not object to the filing of the Third Amended Complaint.

Wherefore, Plaintiffs pray the following relief:

1. That this Court grant their Motion to file a Third Amended Complaint.

2. For such other and further relief as justice may require.

*[signature]*

Richard P. Neuworth
Lebau & Neuworth, L.L.C.
606 Baltimore Avenue – Suite 201
Baltimore, Maryland 21204
(410) 296-3030
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of November, 2000, I served a copy of the Motion for Leave to file a Third Amended Complaint on Stan Mazaroff, Esq., Venable, Baetjer and Howard, LLP, 1800 Mercantile Bank and Trust Building, Two Hopkins Plaza, Baltimore, Maryland 21201-2978 and Martha Wagner, Esq., Venable, Baetjer, Howard and Civiletti, LLP, 1201 New York Avenue, N.W., Suite 1000 Washington, D.C. 20005 by ~~mail postage prepaid~~ handdel. *[signature]*

Richard P. Neuworth

3